UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CINDY D. TIPTON, ) | Case Number 16-00701 |
| ) | |
|     Debtor. ) | |
| ) | |
| JUDY A. ROBBINS, United States ) | |
|     Trustee for Region Four ) | |
| ) | |
|     Movant, ) | |
| ) | |
| *v.* ) | |
| ) | |
| PRINCE LAW, LLC a/k/a ) | |
| PRINCE LAW, LLP ) | |
| ) | |
|     Respondent. ) | |

**RESPONSE TO MOTION OF NON-PARTIES DARREN DELAFIELD AND UPRIGHT LAW, LLC FOR ENTRY OF A PROTECTIVE ORDER AS TO, OR FOR ORDER MONDIFYING, SUBPOENA *AD TESTIFICANDUM* ISSUED BY UNITED STATES TRUSTEE**

COMES NOW Judy A. Robbins, United States Trustee for Region Four, by counsel, and states as follows for her Response to the Motion of Non-Parties Darren Delafield and Upright Law, LLC for Entry of a Protective Order as to, or for Order Modifying, Subpoena *Ad Testificandum* Issued by United States Trustee [Docket No. 7] ("Motion for Protective Order").

**Background**

This case is one of a number of matters regarding Prince Law, LLC a/k/a Prince Law, LLP that are currently pending in this Court all of which are set to be heard on October 20, 2016. In addition to this matter, those matters are as follows:

1) 16-61448 – *In re Collier* – Motion for Civil Penalties Against Debt Relief Agency pursuant to 11 U.S.C. § 526;

2) 15-70885 – *In re Repass* – Amended Motion for Civil Contempt Against Brett Barbour, Jason Searns and Prince Law, LLC;

3) 15-70886 – *In re Futreal* – Amended Motion for Civil Contempt Against Brett Barbour, Jason Searns and Prince Law, LLC;

4) 16-60736 – *In re Speas* – Amended Motion for Review of Attorney's Fees and Civil Penalties Against Debt Relief Agency pursuant to 11 U.S.C. §§ 329 and 526.

(collectively along with this matter, the "Prince Law Matters").

The issues in the Prince Law Matters are limited to contempt against Prince Law, LLC and some of its former partners (the *Futreal* and *Repass* matters) and damages to former Prince Law clients (this matter and the *Collier* and *Speas* matters).

In connection with the Prince Law Matters, the United States Trustee desires to depose Darren Delafield and have Mr. Delafield testify at the Prince Law evidentiary hearing on October 20, 2016. The Motion for Protective Order asks for a protective order barring the United States Trustee from "asking [Mr.] Delafield any questions that refer or relate to Upright or the factual allegations or claims in the Upright Adversary" and authorizing moving counsel to "attend and defend [Mr. Delafield's] deposition and the hearing." Motion for Protective Order at pg. 8. Counsel representing Upright Law, LLC and Mr. Delafield in the Upright Law Adversary do not represent Mr. Delafield in the Prince Law Matters.

## Argument

The Motion for a Protective Order is based on a flawed premise – that the United States Trustee is using the discovery process in the Prince Law matters to get information from Mr. Delafield regarding Upright Law. That is not the case and the Movants have no reason to believe that it is. Indeed, Movants explicitly acknowledge that "the two disputes involve different debtors, different law firms and fundamentally different factual allegations." Motion at 6.

The burden is on the Movants to show that a protective order is proper. "[A] party moving for a protective order bears the burden of proving that good cause exists to prevent or limit discovery. Specifically, the movant must make a particularized showing of why discovery should be denied, and conclusory or generalized statements in a motion for a protective order fail to satisfy this burden as a matter of law." *Smith v. United Salt Corporation*, 2009 WL 2929343 at *5 (W.D. Va. 2009) (Judge Sargent). *See also In re Texaco, Inc.*, 84 B.R. 14, 17 (Bankr. S.D.N.Y. 1988) ("[T]the party seeking a protective order cannot rely solely on conclusory statements. In order for a party to sustain its burden for the issuance of a protective order, it must show specifically that it will indeed be harmed by disclosure.") (citations omitted).

The United States Trustee is seeking information from Mr. Delafield regarding his involvement with Prince Law that is undeniably relevant to this proceeding.[1] Mr. Delafield was a partner with Prince Law from October 24, 2014 until he dissociated himself from Prince Law by letter dated September 30, 2015. Even after that letter, Mr. Delafield filed 17 cases in association with Prince Law. The United States Trustee has not asked Mr. Delafield for documents or information regarding Upright Law in connection with the Prince Law Matters.

Importantly, the mere fact that Mr. Delafield has counsel regarding Upright and the Upright Adversary does not prevent counsel for the United States Trustee from speaking to Mr. Delafield about other matters. Virginia Rule of Professional Conduct 4.2 provides that "[i]n representing a client, a lawyer shall not communicate **about the subject of the representation** with a person the lawyer knows to be represented by another lawyer **in the matter**, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." (emphasis added). Comment 4 to Rule 4.2 makes it clear that the restriction on communication in the Rule is on a

---

[1] The Motion for Protective Order acknowledges that Mr. Delafield has discoverable information pertaining to Prince Law. *See* Motion for Protective Order at pg. 6.

matter by matter basis. "**This Rule does not prohibit communication with a represented person**, or an employee or agent of a represented person, **concerning matters outside the representation**. For example, the existence of a controversy between an organization and a private party, or between two organizations, does not prohibit a lawyer for either from communicating with nonlawyer representatives of the other regarding a separate matter." (emphasis added). In other words, the attorneys representing the United States Trustee are ethically permitted to communicate with Mr. Delafield regarding anything other than Upright Law.[2] *See, e.g., State Farm Mut. Auto Ins. Co. v. Sanders,* 975 F.Supp.2d 509, 512 (E.D. Pa. 2013) (stating "Rule 4.2 does not prohibit communication with a represented person, or an employee or agent of such person, concerning matters outside the representation…" and ruling "State Farm may engage in ex parte communications with current and former clients because … they are not represented by the Law Firm in this insurance fraud matter."); *People v. Santiago,* 236 Ill.2nd 417, 339 (Ill. 2010) (Rule 4.2 did not prohibit prosecutors from communicating with the defendant, who had been arrested for child endangerment, even though the attorney appointed to represent the defendant in a separate child protection case was not present during these interviews); *CSX Transportation, Inc. v. Gilkinson,* 2001 WL 5445114 (N.D. W.Va. Nov. 9, 2011) (Rule 4.2 did not apply to former clients of law firm in subsequent separate fraud suit against law firm). Moreover, Movants are clear that counsel for UpRight and Mr. Delafield do not represent Mr. Delafield in the Prince Law Matters. As such, counsel who do not represent the deponent are mere third parties and have no entitlement to attend and participate in a deposition

---

[2] Counsel for the United States Trustee originally contacted Mr. Delafield directly about scheduling an interview or deposition regarding the Prince Law Matters. Mr. Delafield indicated that such communications should be through his counsel in the Upright Law matters. Since that time, although not required by the Rules of Professional Conduct, the counsel for the United States Trustee has honored Mr. Delafield's request.

in a matter in which they do not represent Mr. Delafield. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) (pretrial depositions are not public components of a civil trial). Essentially, the Motion for Protective Order assumes that counsel for the United States Trustee intends to violate Federal Rule of Civil Procedure 26(b)(1) by asking Mr. Delafield about Upright Law or the Upright Adversary Proceeding in this matter. It is improper and baseless to assume that the United States Trustee's counsel is planning on violating the Federal Rules. *See Brooks v. Detroit Baptist Manor*, 2012 WL 3930337 at *4 (E.D. Mich. 2012).

The United States Trustee's concerns are simple – Upright Law should not be permitted to interfere with the discovery process in the Prince Law Matters, or the litigation of the Prince Law Matters generally, because of their representation of Mr. Delafield in an unrelated matter. Mr. Delafield is a lawyer and is capable of assessing relevance and not offering testimony at his deposition regarding Upright Law or the Upright Adversary Proceeding. Mr. Delafield is free to retain any attorney he wishes to represent him in the Prince Law Matters and the United States Trustee has never said otherwise. If he does so, that attorney without question would be allowed to attend and defend Mr. Delafield's deposition in this case. But Mr. Delafield's counsel in the Upright Adversary does not represent him in the Prince Law Matters and does not represent any other party involved in the Prince Law Matters. Mr. Delafield's counsel in the Upright Adversary should not be permitted to represent and defend him at a deposition in this matter. At most, Movant's counsel should be limited to observing Mr. Delafield's deposition and not defending it.[3] This is in keeping with the rules regarding the limited role of counsel for a non-party at a deposition, who are not permitted to generally participate in the deposition. *See*

---

[3] Movant's counsel originally sought the right to attend any deposition or interview of Mr. Delafield for the limited purpose of protecting the interests of the defendants in the Upright Law Adversary, not the right to defend Mr. Delafield's deposition or represent him at the evidentiary hearing.

*Women in City Government United v. City of New York*, 112 F.R.D. 29, 32 (S.D.N.Y. 1986) ("As a general rule, a person being deposed, whether a party or a non-party witness, is entitled to have counsel present at his deposition. This rule is intended to allow the deponent to intelligently exercise testimonial privileges—chief among them being the privilege against compulsory self-incrimination. Counsel is not present to keep the deponent from making a statement against his interest in the absence of a testimonial privilege and he is not present to object on evidentiary grounds. A non-party witness' counsel is also not present to participate generally in the deposition by cross-examination or otherwise.").

## Conclusion

Wherefore, Judy A. Robbins, United States Trustee for Region Four, by counsel, requests the Motion for Protective Order be denied or, in the alternative, that if counsel for Mr. Delafield in the Upright Law Adversary attends the deposition in this case that their role be limited as set forth herein and that she be awarded such other and further relief as may be just and proper.

Date: September 26, 2016               Respectfully submitted,

                                       United States Trustee
                                       By: /s/ *Margaret K. Garber*

Margaret K. Garber (VSB No. 34412)
Assistant United States Trustee
B. Webb King (VSB No. 47044)
Trial Attorney
Office of the United States Trustee
United States Department of Justice
210 First Street, S.W., Suite 505
Roanoke, Virginia 24011
540-857-2806
margaret.k.garber@usdoj.gov
webb.king@usdoj.gov

**Certificate of Service**

I certify that on September 26, 2016, I electronically the foregoing with the United States Bankruptcy Court for the Western District of Virginia which caused electronic notifications of filing to be served on all registered users of the CM/ECF System that have appeared in this case, including Christopher Stevens, counsel for Darren Delafield and Upright Law, LLC.

In addition, I mailed a copy of the foregoing, by first class mail, to the addresses listed below.

Prince Law, LLC
David L. Prince, Registered Agent
7800 Peters Road, Suite C-200
Plantation, FL 33324

Prince Law, LLC
Attn: President or Legal Department
PO Box 19430
Plantation, FL 33317

Prince Law, LLP
Attn: FJ Murphy Pepper
4106 Waterswatch Drive
Midlothian, VA 23113

Jason Searns
Searns & Associates, LLC
P.O. Box 620301
Littleton, CO 80162

_____